### W. L. TUBBS v. D. R. MACKINTOSH.

[FILED JANUARY 20, 1891.]

**Real Estate Agents:** COMMISSIONS: REVIEW.   In an action by a real estate agent to recover commissions for the sale of a house and lot belonging to the defendant there is but little conflict in the testimony, and a clear preponderance thereof sustains the plaintiff's claim for a commission.   *Held,* That the judgment was right and is affirmed.

ERROR to the district court for Furnas county.   Tried below before COCHRAN, J.

*J. P. Lindsay,* and *W. S. Morlan,* for plaintiff in error.

*G. W. Norris,* and *J. T. McClure, contra.*

MAXWELL, J.

This action was brought by the defendant in error against the plaintiff in error to recover commission for the sale of a house and lot in Wilsonville, Nebraska.   On the trial of the cause the jury returned a verdict in favor of the defendant in error for the sum of $50, upon which judgment was rendered.   There is but little conflict in the evidence.

The testimony tends to show that in December, 1887, the plaintiff in error was possessed of a house and lot in the town of Wilsonville, that he was anxious to sell or trade this property, and for that purpose employed the defendant in error to find a purchaser.   The testimony shows that the defendant in error made considerable effort and finally effected a sale to one Williams on the following terms, viz.: Williams to give the plaintiff in error a stallion at $600 and a note for $500, secured by a mortgage on the premises.

· The plaintiff in error had spent a portion or all of the summer of 1887 at Wilsonville and had seen the horse in question and spoken of him in terms of commendation. It does not appear, however, that at that time he had made a critical examination of the horse. After the sale or trade was effected by the defendant in error, the plaintiff in error directed the horse to be placed in a livery stable in Wilsonville. In pursuance of such directions. the horse was placed in such stable. The plaintiff in error went to Wilsonville with the deed duly signed and acknowledged by himself and wife, apparently. In the morning after his arrival he, in company with the defendant in error and Williams, went to the livery stable to look at the horse, and he objected to him because he claimed that the horse was ten years old. He offered, however, to take the horse if a deduction was made in the price. This, Mr. Williams refused to make. The plaintiff in error, defendant in error, and Williams thereupon started towards the house in question, but the defendant in error stopped on the way, while the plaintiff in error and Williams went on towards the house. Williams stated to the defendant in error that, relying on the purchase or trade, he had prepared to vacate the house in which he resided, and to move into the house that he was to obtain from the plaintiff in error, and a failure to do so would be a disappointment to him. He testifies that thereupon the plaintiff in error said that he would adhere to the trade as made and that Williams could move in. The plaintiff in error denies this to this extent: He says in substance, that he told defendant in error and Williams that he would affirm the trade if they could sell the horse for $600, and that he said to Williams at the time above spoken of, that he would rent the house to him for $10 a month and that he could move in as he had expected to do. He testifies that he believes Williams is a truthful man, but that his hearing is somewhat impaired and therefore that he had not understood him.

This much is certain from all the evidence: That he said to the defendant in error and Williams, on the morning that he went with them to the livery stable to examine the horse, that he would take the horse at a certain deduction in price, or at $600, if they could sell him for that sum; then apparently without notice, certainly without any further communication with the defendant in error and Williams, he traded the horse and lot to a Dr. Gibson for land, and the following morning left the place for home. Taking his own testimony as true, and it fails to show good faith on his part, and does show that the defendant in error is entitled to compensation for his services. Taking the entire testimony together we do not see how the jury could have returned a different verdict from what they did, and it is unnecessary to review the instructions. The judgment evidently is right and is

AFFIRMED.

THE other judges concur.